UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | No. 2:18-cv-01677-MCE-CKD |
| Plaintiff, | |
| v. | ORDER |
| JOHN DOE subscriber assigned IP address 73.41.53.81. | |
| Defendant. | |

On July 24, 2018, the court granted plaintiff's ex parte application to serve a third-party subpoena on defendant's internet service provider, subject to certain limitations and conditions. (ECF No. 7.) After learning defendant's true identity, plaintiff was to serve that person or entity a copy of the court's order. (Id. at 5.) Within 45 days, plaintiff was to notify the court that service had been so completed, and whether defendant agreed to attend an informal chambers conference before Magistrate Judge Gregory G. Hollows. (Id.)

More than 45 days later, on October 10, 2018, plaintiff notified the court that it

> sent the individual identified by the ISP a copy of the Court's July 24, 2018 Order on September 26, 2018 via certified mail. On September 29, 2018, USPS attempted delivery. Although no one was present to sign the return receipt, a notice was left at the door. A USPS employee will attempt to redeliver the Order on October 11, 2018.

(ECF No. 8 at 1–2.) Plaintiff failed to request an extension or file anything further in this matter.

On November 9, 2018, the court issued an order to show cause in writing why the court should not impose sanctions, pursuant to Eastern District Local Rule 110 based upon plaintiff's failure to follow the court's previous order. (ECF No. 10.)

On November 21, 2018, plaintiff responded that "due to a calendaring error, Plaintiff failed to file its status report or request an extension regarding same" but also pointed out that it did file an untimely status report, as detailed above. (ECF No. 11 at 2.)

The court has determined that sanctions are not appropriate at this time. However, plaintiff is cautioned to carefully calendar deadlines and follow all future court orders. Accordingly, IT IS HEREBY ORDERED that:

1. The court's order to show cause (ECF No. 10) is DISCHARGED.

2. Plaintiff shall serve on defendant a copy of this order along with another copy of Judge Hollows' July 24, 2018 order. (ECF No. 7.)

3. The court adopts the reasoning in Judge Hollows' July 24, 2018 order. **However, because Judge Hollows is no longer assigned to this case, this order supersedes and controls, as outlined below.**

4. The parties—both plaintiff and the potential defendant—are hereby invited to attend an informal conference before the undersigned for the following purposes:

    a. To set a schedule that will allow the defendant an opportunity to file a motion to quash the subpoena, if there are true and adequate grounds therefor; and

    b. To establish procedures for service of process or waiver thereof.

5. Depending on the parties' preference, this informal conference may take place via telephone or in person at the Eastern District of California, Federal District Court, 501 I Street, Sacramento, CA 95814, 8th floor.

6. The parties are advised that attendance at such a conference is voluntary and will not itself constitute a waiver of service of the complaint, or result in a finding of "appearance" in the litigation, unless the potential defendant agrees to waive service, or the case is resolved and a

settlement is placed on the record.

7. **<u>Not later than 30 days from the date of this order</u>**, plaintiff shall file a status report indicating:

    a. Whether service of this order has been effectuated as directed;

    b. Whether defendant has agreed to attend an informal conference; and

    c. If applicable, whether the parties seek a telephonic or in person conference.

    d. The status report shall continue to identify the defendant by John or Jane Doe at the subject IP address.

8. After receipt of the status report, the court will schedule an informal conference, if necessary.

9. A decision by the person identified as the owner of the subject IP address not to attend an informal conference will lead to an order substituting the identified defendant by name, permitting ordinary service of process, and commencement of the litigation.

10. <u>Plaintiff is cautioned that, until permission is given by the court, it is not to reveal the identity of the defendant in or out of court</u>.

11. Nothing in this order precludes plaintiff and defendant from reaching a settlement without court participation before any informal conference is held or formal service of process is effectuated.

Dated: December 5, 2018

                                                  CAROLYN K. DELANEY
                                                  UNITED STATES MAGISTRATE JUDGE